Attachment 2 - EEOC Complaint Form

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
_____ DIVISION

_Charles Ray Barrett Jr_

_____

_____

(Name of plaintiff or plaintiffs)

Civil Action Number **A18CV0612 RP**

v.

_University of Texas at Austin_
_(for the Campus UT Police Department)_

(Supplied by Clerk's Office)

_____

(Name of defendant or defendants)

## COMPLAINT

1. This action is brought by _Charles Ray Barrett Jr._, Plaintiff, pursuant to the following selected jurisdiction:

**(Please select the applicable jurisdiction)**

[ ✓ ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)   Employment Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment), religion or national origin.

[ ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) (**ADEA**).

[ ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) (**ADA**).

[ ] The Equal Pay Act (29 USC § 206(d)) (**EPA**).

[ ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees only).

2. Defendant _UT - Austin (UTPD)_ (Defendant's name) lives at, or its business is located at _2201 Robert Dedman Dr_ (street address), _Austin_ (city), _Texas_ (state), _78705_ (zip).

**Rev. Ed. October 26, 2017**

3a.  Plaintiff sought employment from the defendant or was employed by the defendant at _2201 Robert Dedman Dr (UTPD)_ (street address), (city), _Austin_ (state), _Texas_ (zip). _78705_

3b.  At all relevant times of claim of discrimination, Defendant employed _UT-Austin 500+_ (#) employees.   If defendant is a union, at all relevant times of claim of _UTPD, ±200_ discrimination, Defendant had _NA_ (#) members.

4.  Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about _____ (month) _____ (day) ____ (year).  If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: _6/13/14 through 8/10/17_

5.  Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about _April_ (month) _19th_ (day) _2018_ (year).  (Not applicable to federal civil service employees).

6a.  The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on (month) _April 25th_ (day) _2018_ (year).  (Not applicable to ADEA and EPA claims or federal civil service employees). _The postmark on the letter was April 25th, but I recieved it April 27th_

**VERY IMPORTANT NOTE:**    PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.

6b.  Please indicate below if the E.E.O.C issued a **Determination** in your case:

_) Documents from my 4/25/18 Right-to-sue letter_
[ ] Yes   _state "_____ based upon its investigation, the EEOC_
[ V ] No   _is unable to conclude____"_

**VERY IMPORTANT NOTE:**    IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT

7.  Because of plaintiff's:

### (Please select the applicable allegation(s))

[ V ]  Race (If applicable, state race)  _African American_

[ ]  Color (If applicable, state color)  _____

**Rev. Ed. October 26, 2017**

**US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

Charles Garrett
6506 Greensboro Drive
Austin, TX 78723

78723-896206

EEOC Form 161   11-16.

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To    Charles Garrett<br>6506 Greensboro Drive<br>Austin, TX 78723 | From:    San Antonio Field Office<br>5410 Fredericksburg Road<br>Suite 200<br>San Antonio, TX 78229 |

| | | |
|---|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
| EEOC Charge No.<br><br>451-2018-02147 | EEOC Representative<br>**My Linh Kingston,**<br>Investigator | Telephone No<br><br>(210) 281-7671 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Travis G. Hicks* (signature)                                        4/25/2018

| | |
|---|---|
| Enclosures(s) | **Travis G. Hicks,**<br>**Director** |
| | *(Date Mailed)* |

cc:    Brett W. Lohoesener
Director of Investigation and Policy
**UNIVERSITY OF TEXAS AT AUSTIN**
2201 Robert Dedman Drive
Austin, TX 78705

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-02147 |

**Texas Workforce Commission Civil Rights Division** and EEOC

*State or local Agency, if any*

relationship conditions. I am aware of another individual who was terminated for her false allegations.

On or about July 18, 2017, I was terminated by the Board for the false accusations. My appeal was denied on or about August 10, 2017. Furthermore, as part of my termination Assistant Chief Verett also informed me that I was being issued a trespassing warning for all University of Texas properties. I believe that the Assistant Chief Verett made these additionally conditions to my administrative leave and termination because of my race and sex.

In or about 2010, 2014, and 2015, I made complaints of discrimination and retaliatory actions to the Office for Inclusion and Equity regarding various issues with Caucasian co-workers. In retaliation for my previous complaints, I believe that my employer denied me of a fair investigation and terminated me.

For the above stated reasons, I believe that I have been discriminated against and retaliated against because of my race, sex, and for engaging in protected activity in violation of the Civil Rights Act of 1964, as amended.

2018 APR 19  P 3: 23

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Apr 19, 2018**<br>*Date*   *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice.** Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**US EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
SAN ANTONIO FIELD OFFICE
5410 FREDERICKSBURG ROAD SUITE 200
SAN ANTONIO, TX 78229-3555

AN EQUAL OPPORTUNITY EMPLOYER

Charles Garrett
6506 Greensboro Drive
Austin, TX 78723

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To  Charles Garrett
6506 Greensboro Drive
Austin, TX 78723

From:  San Antonio Field Office
5410 Fredericksburg Road
Suite 200
San Antonio, TX 78229

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 451-2018-02147 | My Linh Kingston, Investigator | (210) 281-7671 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Travis G. Hicks                    4/25/2018

Travis G. Hicks,
Director                          (Date Mailed)

Enclosures(s)

cc:   Brett W. Lohoesener
Director of Investigation and Policy
UNIVERSITY OF TEXAS AT AUSTIN
2201 Robert Dedman Drive
Austin, TX 78705

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 451-2018-02147 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Charles Garrett** | **(512) 203-8634** | **1965** |

| Street Address | City, State and ZIP Code |
|---|---|
| **6506 Greensboro Drive, Austin, TX 78723** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **UNIVERSITY OF TEXAS AT AUSTIN POLICE DEPARTMENT** | **500 or More** | **(512) 471-4441** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2201 Robert Dedman Drive, Austin, TX 78705** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

*(stamp: 2018 APR 19)*

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest **05-23-2017**   Latest **07-18-2017** |
| ☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | |
| ☐ OTHER *(Specify)* | ☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am an African American male who was employed as a Security Guard by the above-named employer from on or about April 1, 1996 until I was terminated on or about July 18, 2017. My most recent supervisor was Olabode Akinsanya, Security Guard Supervisor. My work performance was satisfactory.

On or about May 23, 2017, I was placed on administrative leave, pending investigation for sexual misconduct allegations, in which I deny. As part of my administrative leave, Assistant Chief Donald Verett included the condition that I was restricted to my home from 9am to 4pm. I do not believe that non-African Americans were subjected to the same conditions.

I believe that the investigation was biased due to a personal relationship between Sgt. Layne Smith, Internal Affairs, and the complainant. The complainant, Inspector Ashley Griffin, has a practice of making sexual misconduct allegations in retaliation for males who are not in agreement with her

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Apr 19, 2018**      *(signature)* Charles Roy Garrett Jr. | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date           *Charging Party Signature* | |

# Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date.** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*If you file suit, please send a copy of your court complaint to this office.*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2.   **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2018-02147 |

| Texas Workforce Commission Civil Rights Division | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)*<br>**Mr. Charles Garrett** | Home Phone *(Incl. Area Code)*<br>**(512) 203-8634** | Date of Birth<br>**1965** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **6506 Greensboro Drive, Austin, TX 78723** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**UNIVERSITY OF TEXAS AT AUSTIN POLICE DEPARTMENT** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(512) 471-4441** |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| **2201 Robert Dedman Drive, Austin, TX 78705** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

2018 APR 19 PM 3 23

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN<br>☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest **05-23-2017**   Latest **07-18-2017**<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I am an African American male who was employed as a Security Guard by the above-named employer from on or about April 1, 1996 until I was terminated on or about July 18, 2017. My most recent supervisor was Olabode Akinsanya, Security Guard Supervisor. My work performance was satisfactory.

On or about May 23, 2017, I was placed on administrative leave, pending investigation for sexual misconduct allegations, in which I deny. As part of my administrative leave, Assistant Chief Donald Verett included the condition that I was restricted to my home from 9am to 4pm. I do not believe that non-African Americans were subjected to the same conditions.

I believe that the investigation was biased due to a personal relationship between Sgt. Layne Smith, Internal Affairs, and the complainant. The complainant, Inspector Ashley Griffin, has a practice of making sexual misconduct allegations in retaliation for males who are not in agreement with her

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY ~ *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Apr 19, 2018**                *Charles Peg Daniell Jr*<br>Date          *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |

Q. G

Racial Discrimination #1

On 6/13/14, I was at LBJ Library Museum to read the details of my annual Employee Evaluation before signing them over to Guard Supervisor Bode Akinsanya. Upon closer inspection, I found a 3-page document claiming I had been caught sleeping and was counseled for it by the other LBJ Guard Supervisor Donald E. Smith (a white male supervisor).

Although I had unwittingly signed off on it upon Supervisor Akinsanya's encouragement to write a rebuttal to turn in later, it still bothered me that my signature was on something I was not in 100% agreement on. So I sent an email to Chief David Carter explaining what had happened.

On 6/20/14, Chief Carter had arranged for me to sign off for a revised and new Employee Evaluation. The falsified document 3 pages was removed, as well as the reprimand under the Counseling portion of the new Evaluation — but somehow my overall score of 87.64 remained the same (?).

Anyways, I come to find out on my own that a short time later that what Supervisor Donald Smith had done to me fell under a 3rd Degree State of Texas Felony. I raised issue with it to then Capt. Don Verett, because I could not understand if any punishment or sanction against Smith had ever been applied after committing such a serious crime. Verett simply replied back to me, " Well, we removed it.—Did n't we! ", as if he didn't want to discuss it any further.

page 2

# Racial Discrimination # 1                    Pg 4

"I cannot specifically remember what day exactly this occured in Veretts office, but I am pretty sure it was late Summer (August?) of 2014.

Basically, the white male supervisor Donald Smith committed what appears to be a 3rd Degree Texas Felony by falsifying those documents on me. One can reasonably conclude Smith likely kept his job due to white priviledge because I and other experienced UTPD staff had heard of several non-white staffers getting terminated or seriously reprimanded for way less offenses over the years.

To further exemplify this, Nearly 3 years later I myself was terminated from UTPD for lesser violations nowhere close to being Felonious like Donald Smith's actions on 6/13/14. There seems to be a racist double standard when it comes to UTPD reprimands (sanctions) involving white employees when compared to black employees.

In closing, I deserved to be reprimanded for my actions in Summer 2014, but I did Not deserve to lose my job.

8a

## Racial Discrimination # 2

There are several instances of a possible racially discriminatory tone I can elaborate on within the 4 page document I was ordered to send to my then Assistant Police Chief Terry McMahan. He gave me plenty of time to finish it, and I eventually emailed it to him on the last day of March 31st 2015.

Again, the primary focus I would like to speak on involves double standards concerning reprimands or sanctions between white employees and black employees. I numbered the paragraphs, so please read on paragraph # 22 and 23, involving a white male employee named Terrence Neidig.

Like I was trying to explain to Assistant chief McMahan, back in 2006 while McMahan still was the UTPD assistant chief, something mind boggling happened. A guard named Terrence Neidig got into not 1, but 2 physical altercations while working at UTPD — and yet kept his job.

The 1st incident, most said (There were dispatchers and police officers witness it happen up in the dispatch booth, from what I can remember) Neidig was the aggressor who took things to the level of an actual physical assault. I'm not sure if he was reprimanded or not, but they moved him to a property site way out on Burnet Road (PRC).

Again, Neidig got into another physical altercation with another guard, only details on how the fight started are sketchy. To everyone's surprise, UTPD still did not fire him,

# Racial Discrimination #2                                    8a

My point is, why was a guard with such behavior unbecoming of a person working at a police department allowed to continue working there?

Based on an educated guess from working at UTPD for many years, I can honestly say that if my black ass would have done something like Neidig — I would have been fired immediately! Just on the 1st assault alone!

Again, this is white privilege exemplified. Why do the racist double standards involving reprimand or punishment still exist today at UT-Austin?

All I know is I never physically assaulted anyone during my 21st years with the University of Texas at Austin. Yet, I get fired years later for a lesser violation than the negative precedence left by Neidig.

Terrance Neidig eventually did quit UTPD on his own terms. Rumor was he joined a branch of the Armed Forces.

Racial Discrimination #3                                    ⓒa

When I was fired on July 18th 2017 from UTPD after 21 years of service, I was devastated!

Little did I know that across campus at the College of Pharmacy, was a male who just so happened to be white-who did some horrible things while employed at UT-Austin.

Professor Richard Morrisett feloniously nearly strangled to death his girlfriend in 2016. Then, he physically assaulted his same girlfriend again later on that year. UT-Austin did NOT fire him, but they did find him dead in his home in early April 2018.

Again, here is yet another example of racial double standard being applied at UT-Austin. Had I done something that heinous to another human being while working at UTPD, my black ass would have been out of a job quick!

The financial hit I took for being fired for a way lesser offense at UTPD will affect me financially for the rest of my life. My TRS pension did not have a chance to reap full benefits because of a racial double standard being applied yet again on the UT-Austin campus.

I should have sanctioned fairly for my violations on July 18th 2017 — Not fired! Especially when UT Austin justa year prior (2016), allows a white male named Richard Morrisett to continue working despite nearly strangling to death his girlfriend.

# Sex Based Discrimination (only 1)          8 a

It has been stated that Sex Discrimination involves treating someone unfavorably because of that persons sex (gender).

When Chief David Carter allowed Sgt. Layne Smith to be the lead investigator in a case involving a very good friend of hers (The Complaintant Ashley Griffin) — it was highly unethical and very gender biased against me.

Sgt. Smith conducted a Sexual Misconduct investigation involving allegations against me from about 5/23/17 through about 7/18/17.

Furthermore, being the lead investigator allowed Smith free reign to basically do whatever she pleased in treating me unfavorably due to me simply being a male who had upset a very good friend of hers.

On a audio visual done at UTPD on 5/31/17, Sgt. Smith more than twice would "water down" my testimony when I would elaborate about the relationship between me and Ashley Griffin from my own perspective. Smith's assistant, Lt. Darrell Birdett during the taping, would occasionally also try to "twist" my words and phrases up to make my topics sound way more serious than it really was.

## Sex Based Discrimination (continued)   8a

When I once called her beforehand to meet me in the RLT Police Station lobby so I could drop off some documents related to the investigation, she acted somewhat strange. She took the extra large envelope I gave her and 'inspected' it, and even held the envelope up to the ceiling light as if it was thought to be a letter bomb or something. This happened somewhere between early to mid-June 2017.

But the worst thing Sgt. Smith did to treat me unfavorably just because I was a male, was when key evidence in the form of 2 emails somehow were omitted from the investigation. She sent me an email on 6/2/17 stating she indeed had the evidence emails in her posession, but after that day — I have no idea what happened to those things. But it was crucial evidence that could have benefitted me.

This will be exemplified later in listed documents under 8C from page 30 in the Pro Se Packet.

## Potential Witnesses

At the most, I cannot see more than 3 to 4 possible witnesses for my side. Some are recently retired, so the threat of retaliation from UT Austin/UTPD is now minimal. Others who might have had to deal with a guilty conscious on how my investigation was unethically handled, might be willing to expose the truth now.

There are risks involved in deciding who is to be chosen as a witness, so hopefully I can get an attorney assigned who has much experience in this area.

UT HR Annette Williams? Conflict of Interest?

[ ✓ ]   Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)

[  ]   Religion (If applicable, state religion) __Male_____

[  ]   National Origin (If applicable, state national origin) _____

[  ]   Age (If applicable, state date of birth) _____

[  ]   Disability (If applicable, state disability) _____

[ ✓ ]   Prior complaint of discrimination or opposition to acts of discrimination.
         (Retaliation) (If applicable, explain events of retaliation) _____

*Note: At the appropriate time, I was wanting to drop Retaliation.*

         The defendant:   **(please select all that apply)**

[  ]   failed to employ plaintiff.

[ ✓ ]   terminated plaintiff's employment.

[  ]   failed to promote plaintiff.

[  ]   harassed plaintiff.

[  ]   other (specify) _____

8a.   State **specifically** the circumstances under which defendant, its agent, or employees
       discriminated against plaintiff **PERSONALLY:**

**VERY IMPORTANT NOTE:**          **INCLUDE SPECIFIC DATES, SPECIFIC EVENTS,**
                                  **AND ANY SPECIFIC COMMENTS MADE BY**
                                  **DEFENDANT PERTAINING TO THE**
                                  **DISCRIMINATION CLAIM ALLEGED ABOVE.**

_____

_____

8b.   List any **witnesses** who would testify for plaintiff to support plaintiff's allegations
       and the substance of their testimony: *Unfortunately for me, most direct*
*Witnesses are currently part of the UTPD Austin supervisory chain*
*of command, retired, or work at UTPD-Houston. After*
*attorney is appointed to me, I can hopefully amend here later on.*
*(See Attached Sheets)*

8c.   List any **documentation** that would support plaintiff's allegations and explain what
       the documents will prove: *(See Attached Sheets)*
*1 – For Racial Discrimination, there are about 57 pages from*
*12+ articles/printed emails/or Departmental memos and letters.*
*For Gender Based Discrimination, there are about 60 pages from*
*2 – 18+ articles/printed emails/or Departmental memos and 30 letters.*

9.     The above acts or omissions set forth in paragraphs 7 and 8 are:

[ ✓ ]   still being committed by defendant.
[   ]   no longer being committed by defendant.

10.    Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission.   This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[   ] Defendant be directed to employ plaintiff.

*Due to No Employment Attorney representing me at this point in time, I can*

[ ✓ ] Defendant be directed to re-employ plaintiff.

*only Narrow it down to 2 possibilities right now. I really need an appointed attorney for my case to*

[   ] Defendant be directed to promote plaintiff.

*fully and clearly express my options.*

[ ✓ ] Defendant be directed to _____

*Motion for Appointment of Counsel paperwork incoming.*

and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

*July 24th, 2018*
_____
Date

*Chandler Ray Dewett Co.*
_____
Signature of Plaintiff

*6506 Greensboro Dr. Austin Tx. 78723*
_____
Address of Plaintiff

*Austin          Texas                    78723*
_____
City            State                    Zip Code

Telephone Number(s)
*Cell phone 512-203-8634*